to Madison's actions, such arguments remain legally insufficient under Section 432.070 to provide Madison the necessary authority to create a binding contract between the Port Authority and RSSI.

Finally, RSSI contends that there is a factual dispute as to whether the Port Authority is a municipal corporation falling under the purview of Section 432.070. RSSI points out that the Port Authority never held itself out as a municipal corporation, its bylaws do not expressly state that it is a municipal corporation, and that there is no evidence indicating that the Port Authority conceptualized itself as a municipal corporation, As discussed above, we recognize that, as a matter of law, the Port Authority is a municipal corporation, regardless of how the Port Authority proclaimed or styled itself.

## B. No Other Remaining Material Factual Disputes

RSSI next contends that there exist factual disputes pertaining to its business relationship with the Port Authority, starting in 2006 and persisting until MMT's improper interference in 2012. As stated above, however, RSSI did not plead MMT's interference with a business expectancy or relationship; rather RSSI limited its claim to MMT's alleged interference with the void 2012 Operating Agreement. Correspondingly, any purported factual disputes as to the nature of RSSI's business relationship and expectancies with the Port Authority outside of the 2012 Operating Agreement are immaterial to RSSI's pleaded claim.

Both parties also dispute the timeline of when MMT was informed about the 2012 Operating Agreement and the essential nature of its terms. RSSI contends that, immediately after MMT expressed interest in building an oil-storage facility on the Port Authority Line, RSSI informed Marquis, the President of MMT, that RSSI was entitled to exclusive use of the Port Authority Line and that RSSI's services were required to transport goods to and from the BNSF Line. In turn, MMT contends that it was not aware of RSSI's agreement with the Port Authority until after MMT entered into both of its agreements with the Port Authority, Again, because the 2012 Operating Argument between the Port Authority and RSSI is void ab initio as a matter of law, and because RSSI does not plead a claim against MMT for tortious interference with RSSI's business relationship or expectancy with the Port Authority, any factual disputes regarding MMT's knowledge of the 2012 agreement simply are not material and do not present any general issue of fact to be determined by the trier of fact. Point denied.

### Conclusion

The judgment of the trial court is affirmed.

Robert G. Dowd, Jr., P.J., concurs.

Sherri B. Sullivan, J., concurs.

**C.R., Respondent,**

v.

**J.S., Appellant.**

**No. ED 105254**

Missouri Court of Appeals,
Eastern District,
DIVISION FOUR.

FILED: November 14, 2017

ATTORNEY FOR APPELLANT: Charles Louis Barberio IV, 4542 West Pine, St. Louis, MO 63108.

Carl Reed, 4364 Keevenshore Drive, Florissant, MO 63034, pro se.

Before Colleen Dolan, P.J., Mary K. Hoff, J., and Lisa S. Van Amburg, J.

### ORDER

PER CURIAM

J.S. appeals from the judgment entered by the Circuit Court of St. Louis County granting her neighbor, C.R., a full order of protection against her. We affirm.

We have reviewed the briefs of the parties, the legal file, and the record on appeal and find the claims of error to be without merit. No error of law appears. An extended opinion reciting the detailed facts and restating the principles of law applicable to this case would serve no jurisprudential or precedential purpose. We have, however, provided a memorandum opinion for the use of the parties setting forth the reasons for our decision. We affirm the Judgment pursuant to Rule 84.16(b).

**J.S., Appellant,**

v.

**A.M., Respondent.**

**No. ED 105089**

Missouri Court of Appeals,
Eastern District,
DIVISION FOUR.

FILED: November 14, 2017

ATTORNEY FOR APPELLANT: Charles Louis Barberio IV, 4542 West Pine, St. Louis, MO 63108.

ATTORNEY FOR RESPONDENT: Andrea Moore, Acting Pro Se, 4355 Keevenshore Drive, Florissant, MO 63034.

Before Colleen Dolan, P.J., Mary K. Hoff, J., and Lisa S. Van Amburg, J.

### ORDER

PER CURIAM

J.S. appeals from the judgment entered by the Circuit Court of St. Louis County denying her petition for an adult order of protection against A.M. We affirm.

We have reviewed the briefs of the parties, the legal file, and the record on appeal and find the claims of error to be without merit. No error of law appears. An extended opinion reciting the detailed facts and restating the principles of law applicable to this case would serve no jurisprudential or precedential purpose. We have, however, provided a memorandum opinion for the use of the parties setting forth the reasons for our decision. We affirm the Judgment pursuant to Rule 84.16(b).

**Gebar BYRD, Movant/Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 104877**

Missouri Court of Appeals,
Eastern District,
DIVISION FOUR.

FILED: November 14, 2017

FOR APPELLANT: Gwenda R. Robinson, 1010 Market Street, Suite 1100, St. Louis, Missouri 63101.